UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIQUE NICOLE HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 1:18-cv-01372-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CASE FOR FAILURE TO PROSECUTE** |

On October 5, 2018, Plaintiff Angelique Nicole Hernandez, proceeding *pro se*, filed a complaint appealing the Commissioner's denial of her application for disability insurance benefits pursuant to Title II and supplemental security income pursuant to Title XVI of the Social Security Act. Doc. 1. The Scheduling Order provided that if the parties could not agree to remand following service of their confidential letter briefs, Plaintiff was to file her opening brief thirty days after service of the Commissioner's responsive letter brief. Doc. 5 at ¶ 6.

The Commissioner served Plaintiff with his responsive letter brief on June 3, 2019. AR 16. Plaintiff did not file her opening brief within thirty days or take any other action concerning this case. Accordingly, on July 18, 2019, the undersigned issued an order directing Plaintiff to file her opening brief within fifteen days. Doc. 17. Plaintiff did not respond to the July 18, 2019,

1

order in any way.

Rule 110 of this Court's Local Rules provides that the "failure … of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24. In this case, Plaintiff repeatedly failed to comply with the scheduling order in a timely manner, requiring the magistrate judge to issue orders directing her to return her consent/decline form and to file proof of service of her confidential letter. *See* Docs. 5, 9, and 14. As a result the policy factors favor dismissal of the above-captioned case due to Plaintiff's repeated failure to comply with the scheduling order.

# **RECOMMENDATION**

Accordingly, the undersigned recommends that the Court dismiss the above-entitled case for failure to prosecute.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B). Within **fourteen (14)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 19, 2019**          /s/ Gary S. Austin
                    UNITED STATES MAGISTRATE JUDGE